UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 20-CV-10931-RWZ

COMMONWEALTH CARE ALLIANCE, INC.

v.

BABEL HEALTH, INC.

### MEMORANDUM & ORDER

September 2, 2020

ZOBEL, S.D.J.

Plaintiff, Commonwealth Care Alliance, Inc. ("Commonwealth Care") is a large non-profit community-based healthcare organization. It hired defendant Babel Health, Inc. ("Babel"), a healthcare technology company, to process and submit data to Medicare for the purpose of obtaining reimbursements. Babel failed to properly submit certain claim and medical data, which caused Commonwealth Care to lose significant revenue. Plaintiff complains of breach of contract, negligence, and gross negligence. Defendant moves for dismissal of the last two claims.

I. **Legal Standard**

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual allegations to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). For purposes of this motion, the court must accept all factual

allegations in the complaint as true and construe all reasonable inferences in the plaintiff's favor. See Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993).

II.     **Facts**[1]

Commonwealth Care serves patients who are dually eligible for Medicare and Medicaid. At issue in this case are the reimbursements that should have been submitted under Medicare Part C, now known as Medicare Advantage. Under this scheme, organizations such as plaintiff offer insurance plans to participants and are paid a fixed amount by the government instead of operating on a "fee for service" model, as under Medicare Parts A and B. In order to be properly paid under Medicare Advantage, plaintiff must submit data to the "Risk Adjustment Processing System" ("RAPS"). No such payment scheme exists under Medicaid.

Commonwealth Care hired defendant to prepare this data. In processing plaintiff's 2017 RAPS submissions, however, Babel's software coded the RAPS data of patients dually eligible for Medicare and Medicaid as Medicaid-only. Recall, Medicaid does not pay organizations based on RAPS data, whereas Medicare Advantage requires it. As a result, a significant amount of Medicare Advantage submissions were never made. Third party analysis estimates plaintiff lost up to $19 million in revenue.

III.    **Analysis**

Defendant argues plaintiff's negligence and gross negligence claims should be dismissed because they merely assert a breach of contract, which cannot be the sole

---

[1] For purposes of this motion, defendant accepts these facts as true and I construe them in the light most favorable to plaintiff.

2

basis of a tort action. This is not an accurate characterization of the situation or the law. In Massachusetts, a contract creates a duty of reasonable care in performance of that contract. See Redgrave v. Bos. Symphony Orchestra, Inc., 557 F. Supp. 230, 237 (D. Mass. 1983); Abrams v. Factory Mut. Liability Ins. Co., 298 Mass. 141, 143–44 (1937) ("[w]hen a party binds himself by contract to do a work or to perform a service, he agrees by implication to do a workmanlike job and to use reasonable and appropriate care and skill in doing it."). That duty *can* support a tort action (separate from a breach of contract claim) like those at issue in this motion.

Defendant also argues dismissal is warranted because Massachusetts's economic loss doctrine generally precludes liability for tort claims where the plaintiff is seeking recovery for purely economic losses. Arthur D. Little Int'l, Inc. v. Dooyang Corp., 928 F. Supp. 1189, 1202 (D. Mass. 1996). But Massachusetts law specifically permits recovery of economic losses caused by negligent breach of a contractual duty, such as the one charged in this case. See, e.g., id. at 1203; Fishman v. John Hancock Life Ins. Co. (U.S.A.), No. CIV.A. 13-12166-LTS, 2014 WL 1326989, at *2 (D. Mass. Mar. 27, 2014). This argument for dismissal thus does not prevail.

Finally, defendant alleges that limitation of liability clauses in the parties' contract preclude recovery. The first of these clauses is:

> 9.1 Types of Damages. To the extent legally permitted under applicable law, in no event will either party or its suppliers, be liable to the other party for any special, indirect, incidental or consequential damages, including damages or costs due to loss of profits, use or goodwill, personal or property damage resulting from or in connection with its performance hereunder or the use, misuse, or inability to use the service or other products or services hereunder, regardless of the cause of action or the theory of

3

> liability, whether in tort, contract, or otherwise, even if such other party has been notified of the likelihood of such damages.

Software-as-a-Service Order Form 3, ECF. No. 1-5. The second is:

> 9.2 Amount of Damages. Except for a party's indemnification obligations, the maximum liability of each party arising out of or in any way connected to this agreement will not exceed the fees paid by [Commonwealth Care] to Babel under the applicable order form during the twelve (12) months immediately preceding the claim. The existence of one or more claims under the agreement will not increase a party's liability.

Id. First, these clauses do not affect the gross negligence claim, because the parties cannot contract out of gross negligence. See CSX Transp., Inc. v. Massachusetts Bay Transp. Auth., 697 F.Supp.2d 213, 226 (D.Mass. 2010) ("[T]he [Supreme Judicial Court] would not enforce agreements purporting to require indemnification against gross negligence."); Maryland Cas. Co. v. NSTAR Elec. Co., 471 Mass. 416, 422 (2015) ("[W]hile a party may contract against liability for harm caused by its negligence, it may not do so with respect to its gross negligence.") (quoting Zavras v. Capeway Rovers Motorcycle Club, Inc., 687 N.E.2d 1263, 1265 (Mass. App. Ct. 1997)). With respect to the negligence claim, plaintiff argues that these clauses merely dictate the type and amount of damages and do not, in fact, fully indemnify or exculpate defendant. Plaintiff has pled sufficient facts to create a genuine dispute whether defendant can be held liable.

## IV. Conclusion

The motion to dismiss (Docket # 10) is therefore DENIED.

September 2, 2020  
DATE

_/s/ Rya W. Zobel_  
RYA W. ZOBEL  
UNITED STATES DISTRICT JUDGE